IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF INTERNATIONAL MECHANICAL SERVICES, INC. | § § § § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.   5:24-cv-1326 |
| | § | |
| MARC III GENERAL CONTRACTORS, LLC And MID-CONTINENT CASUALTY COMPANY | § § § | |
| *Defendants*. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, United States of America for the Use and Benefit of International Mechanical Services, Inc. ("IMS"), and files its Original Complaint against MARC III GENERAL CONTRACTORS, LLC ("Marc III") and MID-CONTINENT CASUALTY COMPANY ("Mid-Continent"). In support of this Complaint, IMS shows as follows:

## I.   NOTICE: ARBITRATION

While Plaintiff reserves the right to bring in additional parties or claims that may not be arbitrable, there are counts set forth below against Defendant Marc III that involve a contract which includes an arbitration provision.  This suit is nevertheless being initiated, even as against Defendant Marc III, to protect Plaintiff's rights under Chapter 171 of the Texas Civil Practices and Remedies Code.  As such, this lawsuit will be the basis for Plaintiff and/or Defendant Marc III to compel arbitration (unless it is waived by the parties) per the terms of the agreement, a possible platform to issue subpoenas, and/or providing a means to confirm any arbitration award or decision.

## II. PARTIES

1.      International Mechanical Services, Inc., is a domestic corporation organized under the laws of the State of Texas, with its principal place of business in San Antonio, Texas.

2.      Marc III General Contractors, LLC is a foreign corporation authorized to do business in the State of Texas.  It can be served with citation through its registered agent for service of process: Chester W. Rackley, 849 W. Oak Estates, San Antonio, Texas 78260, or wherever he may be found.

3.      Mid-Continent Casualty Company is a foreign corporation authorized to do business in the State of Texas. Mid-Continent can be served with citation through its registered agent for service of process: Agent Group, Inc., 5444 Westheimer Rd., Suite 1000, Houston, Texas 77056, or wherever it may be found.

## III. JURISDICTION

4.      Pursuant to the Miller Act, 40 U.S.C. § 3133, this Court has jurisdiction over this matter. Jurisdiction is further supported by 28 U.S.C. § 1331, as a Federal Question is involved. This is an action on a Miller Act Bond for labor and material supplied on a Federal Construction project.

## IV. VENUE

5.      Venue would be appropriate in the Western District of Texas, San Antonio Division, pursuant to 40 U.S.C. § 3133(b)(3)(B), but for the Section 16.B. of the Subcontract Agreement between IMS and Marc III which has a mandatory venue provision designating Bexar County Texas.

## V. BRIEF STATEMENT OF FACTS

6.      IMS was hired to perform HVAC and plumbing scope work on a construction project at Ft. Sam Houston ("FSH") in San Antonio, Texas.  Specifically, the project was known as the Arnorth B16 South Wing Renovation W9126G20C0056 (the "Project") and involved renovation

of certain rooms within Building 16.   Marc III served as general contractor on the Project. Attached hereto and incorporated herein as "Exhibit A" is a true and correct copy of the Contract between IMS and Marc III. Marc III is the principal on the Miller Act bonds at issue in this case. Mid-Continent is the surety on the Miller Act bonds for the Project. Attached hereto and incorporated herein as "Exhibit B" is a true and correct copy of the performance bond.

7.      IMS and Marc III entered into a contract on or about February 22, 2021, wherein IMS was to provide materials, equipment, and labor associated with installation of an HVAC and plumbing system on the Project.

8.      Marc III failed to pay IMS approximately $1,141,725.08 for work performed and materials purchased by IMS in furtherance of the Project during the months of December 2022 – November 2023, the sum of which is due and owed under the contract.

9.      On information and belief, Marc III has improperly diverted construction trust funds due and owed to IMS. *See* Tex. Prop. Code § 161.001(a). Marc III received payment for work and materials completed and/or provided by IMS, however Marc III failed to remit those funds in full to IMS.

10.     In addition to the lack of payment, and improper diversion of construction trust funds due and owed to IMS, Marc III failed to properly supervise the Project and perform work in a timely manner which has caused delays. Such delays have resulted in damage to IMS. Specifically, IMS cannot finish installing the HVAC duct system due to Marc III's failure to create necessary penetrations for the ductwork to travel through.

## VI.   BOND CLAIM

11.     Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

12.     IMS asserts a Miller Act bond claim pursuant to 40 U.S.C. § 3131 et. seq. against Marc III and Mid-Continent, collectively the "Miller Act Defendants."

13.     IMS has a direct contractual relationship with Marc III such that no notice was required. *See* 40 U.S.C. § 3133(b).

14.     This lawsuit is being brought no later than one (1) year after the date on which the last of the labor was performed or material was supplied by IMS.  *See* 40 U.S.C. § 3133(b)(4).

15.     Marc III is the general contractor and presumed principal on the bonds at issue in this case.  Marc III is jointly and severally liable with, Mid-Continent—the surety on the bond. As such, damages are sought against all Miller Act Defendants, jointly and severally.

16.     IMS has conducted and completed all conditions precedent to pursuing this Miller Act bond claim and lawsuit. IMS seeks a minimum of $$730,450.75, after applying all lawful credits as damages from all the Miller Act Defendants. The total amount constitutes the reasonable and necessary value of both the unpaid labor and materials supplied to the bonded project of approximately $$730,450.75 and the costs incurred due to Marc III's improper management and sequencing of this project of approximately $$730,450.75, all of which IMS seeks as damages from all Miller Act Defendant, Marc III, but not as to the Miller Surety.

## VII.  MISAPPLICATION OF TRUST FUNDS

17.     Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

18.     Defendant Marc III received monies for the improvement of specific real property in Texas pursuant to a construction contract. Such monies are "trust funds" as defined by the Texas Property Code. *See* Tex. Prop. Code § 162.001(a). Defendant Marc III is a trustee of the trust funds as Defendant maintained control and/or direction of the funds after receipt of the same. *See Id.* at § 162.002. Plaintiff is a beneficiary of the trust funds as Plaintiff is a subcontractor who

furnished labor and materials for the construction or repair of an improvement of specific real property in Texas. *See Id.* at § 162.003.

19.     Defendant is liable for the misapplication of trust funds to the extent Defendant Marc III intentionally, knowingly, or with the intent to defraud, directly or indirectly, retained, used, disbursed or otherwise diverted the funds without first paying all current or past due obligations incurred by the trustee to the beneficiaries of the trust funds. *See Id.* at § 162.031.

20.     Defendant Marc III received trust funds which Plaintiff was the beneficiary for. Defendant Marc III wrongfully diverted or retained such trust funds by not fully paying Plaintiff for the labor and materials Plaintiff provided on the Project. As a direct and proximate cause of Defendant Marc III's misapplication of trust funds, Plaintiff has suffered damages. Plaintiff seeks actual damages, special damages, and attorney's fees allowed by law.

## VIII.  BREACH OF CONTRACT

21.     Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

22.     Plaintiff and Defendant Marc III entered into a valid and enforceable Subcontractor Agreement. Plaintiff provided labor and materials to the Project pursuant to the contract between Plaintiff and Defendant Marc III. Defendant Marc III failed to pay Plaintiff approximately $$730,450.75 for work performed and materials purchased by Plaintiff in furtherance of the Project during the months of December 2022 – November 2023, the sum of which is due and owed under the contract. Further, Defendant Marc III failed to properly supervise the Project and perform work in a timely manner, which has caused delays. Such delays have resulted in damage to Plaintiff. Specifically, Plaintiff cannot finish installing the HVAC duct system due to Defendant Marc III's failure to create necessary penetrations for the ductwork to travel through.

23.     The aforementioned conduct, incorporated herein, constitutes a material breach of the contract between Plaintiff and Defendant Marc III. As a direct and proximate result of Defendant Marc III's breach of contract, Plaintiff has suffered damages. Plaintiff seeks actual damages. Plaintiff also sees reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001, *et seq* as a pendant state court action.

## IX.     VIOLATIONS OF THE PROMPT PAY ACT

24.     Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

25.     Marc III was hired by a governmental entity to act as the general contractor for the Project. Plaintiff entered into a valid and enforceable sub contract with Bristol and performed work on the Project. Plaintiff notified Marc III of non-payment of certain invoices related to work performed by Plaintiff on the Project. Marc III failed to issue payment for said invoices.

26.     Marc III's aforementioned acts and omissions constitute violations of Prompt Pay Act pursuant to the Federal Acquisition Regulation. Plaintiff seeks actual damages, including interest permitted at the highest rate established by law. Plaintiff further seeks attorneys' fees and costs of Court.

## X.     QUANTUM MERUIT

27.     Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

28.     In the alternative to the above count, Plaintiff would show that the labor and materials were furnished for the benefit of Defendant Marc III, either at its specific direct request or with its knowledge and consent.  Defendant Marc III accepted and received said labor and materials with knowledge that Plaintiff expected compensation from Defendant Marc III.  Plaintiff's labor and materials benefitted Defendant Marc III and were of reasonable fair market value.  As such,

Plaintiff sues in the alternative, seeking judgment against Defendant Marc III on the basis of quantum meruit for the reasonable value of the labor and materials.

## XI.   JURY DEMAND

29.    IMS respectfully requests that a jury be convened to decide the factual issues in this case.

## XII.   WILLINGNESS TO MEDIATE

30.    IMS recognizes the importance of mediation in potentially resolving this dispute Mediation had been previously scheduled to comply with the condition precedent, but Marc III by and through its counsel waived the requirements of mediation as a condition precedent.

## XIII.   ATTORNEY'S FEES

31.    Pursuant to equitable principles, IMS seeks recovery (to the extent it is entitled), of its attorney's fees, litigation costs and court costs, as a result of enforcing the Miller Act bond claim.

32.    Plaintiff also seeks recovery of its reasonable and necessary attorneys' fees, litigations costs and court costs as a result of Defendant Marc III's breach of contract pursuant to Texas Civil Practice and Remedies Code § 38.001, *et seq.*, and violations of the Prompt Pay Act pursuant to the Federal Acquisition Regulation.

## PRAYER

33.    WHEREFORE, PREMIESES CONSIDERED, Plaintiff, United States of America for the Use and Benefit of International Mechanical Services, Inc., prays that this Court find in its favor on all issues, award all damages sought, award reasonable and necessary attorney's fees, costs of court, pre-and post-judgment interest at the highest rates allowed by law, prompt pay interest, and for such other and further relief as Plaintiff, United States of America for the Use and Benefit of International Mechanical Services, Inc., may be justly entitled.

Respectfully Submitted,

**LANGLEY & BANACK, INC.**
745 East Mulberry, Suite 900
San Antonio, Texas 78212
Tel: 210-736-6600
Fax: 210-735-6889

By:   */s/ William W. Sommers*
   WILLIAM W. SOMMERS
  State Bar No. 18842600
  wsommers@langleybanack.com
  TIM R. BURTON
  State Bar No. 24110993
  tburton@langleybanack.com

**ATTORNEYS FOR PLAINTIFF**
**INTERNATIONAL MECHANICAL**
**SERVICES**